```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
```

Kenneth-Michael Delashmutt

    v.                          Civil No. 15-cv-372-JD

Mary M. Lisi, et al.

O R D E R

Kenneth M. Delashmutt, proceeding pro se, brought suit in Rhode Island state court, naming as defendants, among others, judges in the United States District Court for the District of Rhode Island, the assistant federal defender who previously represented him, the mayor of the Town of North Providence, and the town's acting and former police chiefs.  The federal defendants removed the case to federal court.  After all of the judges in the District of Rhode Island were recused, the case was referred to the District of New Hampshire and was assigned to the undersigned judge.

The United States was substituted as the proper defendant for the named federal defendants, and the motion of the United States to dismiss was granted.  The mayor and acting and former police chiefs of the Town of North Providence move to dismiss the claims against them.  Delashmutt did not respond to the motion.

Background

Delashmutt considers himself to be a "sovereign citizen" and stopped filing income tax returns several years ago.[1] As a result, the IRS conducted examinations of his income taxes. Delashmutt then made threats against IRS agents. In September of 2013, he was charged with threatening to assault and murder IRS agents in violation of 18 U.S.C. § 115(a)(1)(B).[2] See United States v. Delashmutt, 13-cr-159-ML-PAS.

Following a jury trial, Delashmutt was convicted of the charge on May 6, 2014. Delashmutt was sentenced on September 18, 2014, to probation for a term of five years with certain conditions. After a notice of appeal was filed, Thompson was terminated from representing Delashmutt because the court had determined that Delashmutt did not qualify for representation by the federal public defender. The First Circuit later dismissed the appeal for lack of diligent prosecution.

Delashmutt was found guilty on January 13, 2015, of violating the conditions of supervised release, and his bail was

---

[1] Delashmutt writes his name in the amended complaint in this case as "Kenneth-Michael: DeLashmutt" and identifies himself as "a free natural born sentient human being, with irrefutable claim of the life . . . with no attachments to government."

[2] A second charge was dismissed before trial.

revoked. A final revocation hearing was held before Judge Lisi on February 19, 2015. Delashmutt was released with conditions, including that he allow searches of his residence, automobile, and other property for firearms. The final revocation hearing is now scheduled for October 20, 2015.

Delashmutt filed this civil case in Rhode Island state court on August 12, 2015. The civil case appears to arise from the criminal case, United States v. Delashmutt, 13-cr-159-ML-PAS.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), defendants may move to dismiss a complaint due to its failure to state a claim on which relief may be granted. To avoid dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Factual allegations that are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture" are insufficient to avoid dismissal. Lorenzana v. South Am. Rests. Corp., 799 F.3d 31, 34 (1st Cir. 2015) (internal quotation marks omitted). Legal allegations and conclusions are not credited for purposes of assessing the plausibility of the claims.

Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

## Discussion

The mayor, acting chief, and former chief of police of the Town of North Providence ("town defendants") move to dismiss the claims against them on the ground that Delashmutt fails to state a cognizable claim. They assert that the complaint, titled "Demand to Dismiss for Lack of Authority and Cross Libel and Brief in Support Thereof," lacks factual allegations against them and provides no discernable legal basis for any claims. In addition, the town defendants note that the complaint appears to seek dismissal of the criminal proceeding against Delashmutt.

The complaint is a recitation of legal conclusions and is so bereft of facts that it does not even explain what the town defendants might have done to cause Delashmutt harm. Other parts of the complaint suggest that Delashmutt is attempting to challenge the criminal case against him. As such, Delashmutt fails to allege facts to support plausible claims.

## Conclusion

For the foregoing reasons, the town defendants' motion to dismiss (document no. 13) is granted.

As all of the claims in the complaint are now dismissed, the clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*Joseph A DiClerico, Jr.* (signature)
Joseph DiClerico, Jr.
United States District Judge
(Sitting by designation.)

October 15, 2015

cc: Kenneth M. Delashmutt, pro se
    Richard Myrus, Esq.
    Glen R. Whitehead, Esq.
    Shannon Gilheeney, Esq.